**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INGRID CLEMENTE;

    Plaintiff,

CASE NUMBER:

v.

MITCH & MURRY HOTELS, d/b/a
DAYS INN OF TAMPA AT BUSCH GARDENS,
a Florida Profit Corporation

    Defendants.
_____/

## COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA (§207) AND DEMAND FOR JURY TRIAL

Plaintiff, INGRID CLEMENTE (hereinafter referred to as "Plaintiff" or "Ms. Clemente"), by and through her undersigned counsel, herein sues Defendant, MITCH & MURRY HOTELS, d/b/a DAYS INN OF TAMPA AT BUSCH GARDENS, ("Defendants"), pursuant to Federal Statute 29 U.S.C. 216 of the Fair Labor Standards Act (the "FLSA") and states as follows:

### PRELIMINARY STATEMENT

1. The Plaintiff, INGRID CLEMENTE, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. § 207 in violation of 29 U.S.C. § 216(b).

2. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611

F.3d 141, 150 (2d Cir. N.Y. 2010).   It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. More specifically, Plaintiff is not exempt under the FLSA.

4. Pursuant to policy and plan, the Plaintiff was unlawfully misclassified by Defendants as an exempt employee to avoid compensating her for time worked in excess of forty (40) hours per week.

5. Plaintiff's job duties as an employee of Defendants consisted of checking hotel rooms to ensure they were cleaned and meeting with housekeepers to go over their daily job duties under the job title "Director of Housekeeping."

6. Plaintiff worked at Defendant's hotel, Days Inn, located at 701 E. Fletcher Ave., Tampa, Florida 33612 at all times relevant to this action.  Throughout her employment with Defendants, Plaintiff was required to work in excess of forty (40) hours per week and did so.

7. Defendants failed to pay Plaintiff in accordance with the FLSA.  Specifically, Plaintiff was not paid time and a half of her regular rate of pay for all hours worked in excess of forty (40) hour per week.  Plaintiff did not perform work that meets the definition of any exemption under the FLSA.

8. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, because this action involves a Federal Statute, 29 U.S.C. § 201, *et seq.*

10. This Court has personal jurisdiction over this action because Defendant operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Hillsborough County, Florida.

11. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b).

12. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §203(e)(1).

13. Defendant, MITCH & MURRY HOTELS, d/b/a DAYS INN OF TAMPA AT BUSCH GARDENS.

14. Defendant, MITCH & MURRY HOTELS, d/b/a DAYS INN OF TAMPA AT BUSCH GARDENS, may be served through its Registered Agent for service of process, Jamil Kassam, 4760 South Cleveland Avenue, Fort Myers, Florida 33907.

15. At all times material hereto, Defendant was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. §203.

16. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

17. Plaintiff was employed by Defendant in the job position of "Director of Housekeeping" from about July 14, 2014 until approximately August 11, 2014.

18. Plaintiff's duties as a "Director of Housekeeping" consisted of checking hotel rooms to ensure they were cleaned and meeting with housekeepers to go over their daily job duties.

19. Plaintiff was paid on a salary basis in the form of an annual salary in the amount of $24,000.00.

20. In her position as the "Director of Housekeeping," Plaintiff typically worked at least sixty (60) hours per week.

21. Plaintiff worked these hours throughout her employment with Defendant in her position as the "Director of Housekeeping."

22. Plaintiff's job duties as a "Director of Housekeeping" were not administratively exempt as her primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance and she had no authority to hire or fire other employees, or to formally discipline employees.

23. Plaintiff's work did not involve the exercise of discretion and judgment. She had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

24. Plaintiff did not have the authority to promote employees, determine their pay rates or benefits, or give raises. Plaintiff was unable to make any personnel decisions.

25. Plaintiff was willfully misclassified by Defendants as an exempt employee to avoid compensating her time and a half for hours worked in excess of forty (40) hours per work week.

26. Plaintiff's position was subject to the FLSA wage provisions.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA 29 U.S.C. § 201, *ET SEQ.*

27. Plaintiff readopts and realleges the allegations set forth in paragraphs one (1) through twenty-twenty (26) as if fully set forth herein.

28. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

29. Defendants are an "employer" within the meaning of 29 U.S.C. §203(d).

30. The overtime wage provision set forth in FLSA §207 applies to Defendants, which engages in commerce under the definition of the FLSA.

31.     Throughout Plaintiff's employment, she was not paid overtime compensation for the hours she worked in excess of forty (40) per week.

32.     Defendants compensated Plaintiff as if she were an exempt employee; however, her work duties dictated that she should have been classified and compensated as a non-exempt employee. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance and she could not hire or fire, or formally discipline employees.

33.     Defendants are, or should have been, aware of the FLSA overtime rate calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

34.     Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week.

35.     During the relevant time period, Defendants required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty hours in a work week without payment of overtime.

36.     Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one-half her regular rate of pay for all such hours, for the purposes of decreasing costs and maximizing profitability.

37.     Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant.  If these records are unavailable, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

38. As a direct result of Defendants violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

39. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff, INGRID CLEMENTE, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest together with the costs of suit and reasonable attorneys' fees (pursuant to §216 of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: February 27, 2015

Respectfully submitted by,

*/s/ Dennis A. Creed, III*
Dennis A. Creed, III Esq.
Florida Bar. No. 43618
Feldman Law Group, P.A.
1715 North Westshore Boulevard, Suite 400
Tampa, Florida 33607
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: dcreed@ffmlawgroup.com
*Attorney for Plaintiff*